# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KIERRA MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19CV314 HEA |
| | ) |
| ROBERT L. SWEARINGEN, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Kierra Martin for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action against one Robert L. Swearingen, who plaintiff indicates is an attorney with Legal Services of Eastern Missouri (also "LSEM"). Plaintiff may have intended to also bring this action against LSEM, although she did not include LSEM's name in the caption of her complaint. Plaintiff avers that she and Swearingen are Missouri citizens, and that LSEM is incorporated in Missouri. She invokes this Court's federal question jurisdiction, and states she brings this action pursuant to 18 U.S.C. § 242. She also cites "US Code 42, Chapter 21 civil rights violation, fraud upon court," and she indicates that LSEM is a federal agency. (Docket No. 1 at 5).

Plaintiff claims she suffered "personal injury, emotional distress on me and my son" in December of 2017. *Id.* In support, she alleges:

> Was sent to office for assistant. And he told me good luck. Defendant handle the case with no care. And caused person injury. And handle this case with no care. I sent letters, etc. Caused negligence on my behalf

*Id.* As relief, plaintiff states she seeks "person injury compensation for me and my son and to fix my name." *Id.* She also seeks monetary relief in the amount of $20,000.

**Discussion**

Plaintiff states she brings this case pursuant to 18 U.S.C. § 242, which criminalizes acting willfully and under color of state law to deprive persons of federally-protected rights. However, as a private citizen, plaintiff has no authority to initiate a federal criminal investigation or prosecution, nor can this Court compel such action. The Executive Branch has exclusive authority and absolute discretion to decide whether to initiate a federal criminal prosecution. *U.S. v. Nixon,* 418 U.S. 683, 693 (1974), *Ray v. Dep't of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); *see also Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation"), *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Plaintiff also indicates an intent to proceed pursuant to 42 U.S.C. § 21. However, that section has been repealed. Finally, LSEM is not a federal agency.

To the extent plaintiff can be understood to claim that Swearingen and/or LSEM violated her civil rights, 42 U.S.C. § 1983 is applicable. Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely

3

provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, there are no allegations that any of plaintiff's federally-protected rights were violated. Instead, plaintiff's claims are premised upon alleged legal malpractice. Moreover, plaintiff does not allege, nor does it appear, that Swearingen and/or LSEM acted under color of state law, or took any action that could be "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc*. 457 U.S. 922, 937 (1982). Plaintiff therefore fails to state a viable claim under § 1983 against Swearingen or LSEM. Finally, to the extent plaintiff can be understood to bring a legal malpractice or personal injury claim, or any other claim premised upon state law, this Court would lack jurisdiction. As indicated above, plaintiff avers that she and both defendants are domiciled in Missouri, and she seeks relief in an amount below the required threshold.

For all of the foregoing reasons, this case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of May, 2019.

*[signature]*
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE